IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HEATH L. GREGG, | |
| Plaintiff, | CASE NO.: _____ |
| v. | JUDGE: _____ |
| NORFOLK SOUTHERN RAILWAY COMPANY, | JURY DEMAND |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Heath L. Gregg, by and through counsel, and files this Complaint against Defendant, Norfolk Southern Railway Company, and for his cause of action, says:

### Jurisdiction

1. This cause of action arises under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, as amended.

2. Heath L. Gregg (hereinafter "Gregg") is a resident and citizen of Chickamauga in Hamilton County, in the State of Tennessee.

3. The Defendant, Norfolk Southern Railway Company ("NSRC" or "the railroad") is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business is Norfolk, Virginia, and authorized to do business in the State of Tennessee; at all relevant times, the Defendant was doing substantial business within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation, and at all relevant times NSRC regularly and systematically

conducted its business activities and affairs within the State of Tennessee, and in particular the City of Chattanooga and the County of Hamilton.

4. Pursuant to the FELA, Norfolk Southern has a non-delegable duty to provide its employees with a reasonably safe place to work.

5. The incident and Plaintiff's resulting injuries, as more fully described herein, give rise to a cause of action within the subject matter jurisdiction of the FELA.

## **COUNT ONE**

6. Plaintiff hereby re-alleges paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7. On or about August 30, 2019, Gregg was working as a machinist for NSRC at the Chattanooga Diesel Shop in Chattanooga, Hamilton County, Tennessee. While working in the course of his employment with the railroad, Gregg, severely and permanently injured his neck and back when he struck his head against a low overhang that had negligently been left unprotected.

8. The railroad's negligence was a cause of the injuries as alleged above.

9. At the time of the injury described above, the Plaintiff's duties were in the furtherance of interstate commerce, and the Plaintiff's work directly, closely and substantially affected the interstate commerce carried on by the Defendant.

10. On August 30, 2019, the Defendant was negligent in one or more of the following manners, in that it:

    a) failed to provide the Plaintiff with a reasonably safe place to work;

    b) failed to provide and maintain safe and proper work areas for the Plaintiff;

    c) failed to warn the Plaintiff of known or reasonably foreseeable dangers;

    d) failed to adequately protect the Plaintiff from dangerous conditions;

e) failed to develop and enforce reasonably safe and proper methods, policies, procedures, rules, regulations, and/or standards for maintaining a reasonably safe place to work for the Plaintiff;

f) failed to follow industry custom and practice with regard to providing suitable working conditions and a safe place to work; and

g) Defendant was otherwise negligent through the negligent acts and/or omissions of its agents, officers, employees, managers, supervisory personnel and/or others, in ways that will be established through discovery.

11. Norfolk Southern Railway Company failed to comply with the provisions of and requirements of the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, as amended.

12. As a result of the railroad's negligence and statutory violations, the Plaintiff sustained serious and painful injuries which are or may be permanent; he has suffered physical pain, discomfort and mental anguish, and these will or may continue in the future; he has incurred expenses for doctors and related medical care and in the future he will or may continue to incur such expenses in an effort to be cured or healed; he has missed time and lost earnings from his employment, and in the future he will or may continue to lose time, income and earning capacity as well as other benefits from his employment, and he has been unable to perform all of the usual personal affairs of a person of his age and position in life and in the future, he will or may continue to be unable to perform all of such affairs.

WHEREFORE, the plaintiff, Heath L. Gregg, by counsel, demands a trial by jury and respectfully moves this Court for an award of damages against the defendant in the amount of One Million Four Hundred Thousand Dollars ($1,400,000.00), for the costs of this action and all other costs allowed by law to be charged against the railroad and for such other relief as deemed

3

Case 1:22-cv-00182-TAV-SKL   Document 1   Filed 07/08/22   Page 3 of 4   PageID #: 3

appropriate and permitted by law.

                                      HEATH L. GREGG

                                  By: /s/ Jonathan L. Stone
                                          Of Counsel

Jonathan L. Stone
(VA Bar #75483)
The Moody Law Firm, Inc.
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 393-4093 (phone)
(757) 397-7257 (fax)
jstone@moodyrrlaw.com